IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RONALD HUGH HUTTON, )<br>)<br>    Plaintiff(s), )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF )<br>VETERANS AFFAIRS, et al., )<br>)<br>)<br>    Defendant(s) ) | Case No. 1:23CV928 |

ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the Complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Ronald Hugh Hutton. In conjunction with the Complaint, Plaintiff also submitted an Application for Leave to Proceed In Forma Pauperis. For the reasons set out below, this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully

obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the *in forma pauperis* statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (internal quotations omitted).

As to the second grounds for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." Id.[1]  In addition, the Court may anticipate affirmative defenses which are clear on the face of the complaint.  Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages.  See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim on which relief may be granted.  Plaintiff names as Defendant the United States Department of Veterans Affairs, and also names as Defendants his "Former Landlords and Their Business Affiliates" and "WRAL News States Personnel."  Plaintiff claims that this Court has jurisdiction pursuant to 42 U.S.C. § 1983.  (Compl. [Doc. #2] at 3.) Plaintiff's Statement of Claim is as follows:

> I would like to file a lawsuit against the U.S. Department of Veterans Affairs.  Back in 1988, the U.S. Department of Veterans Affairs classified me as a mentally disabled veteran.  This classification was sort of like a "label".  Yet this 'label' might not be applicable anymore.

---

[1]  Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotations omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation omitted) (applying Twombly standard in dismissing *pro se* complaint).

(Compl. Statement of Claim [Doc. #2-2] at 1.) Plaintiff asks that the Department of Veterans Affairs "remove the 'label'" that they classified him with in the late 1980's. (Compl. at 6.) However, in his request for relief, Plaintiff asks that:

> [A]n injunction be enacted on the former landlords, the former landlords' business affiliates, and personnel specified at WRAL News Station . . . [and that they] be prevented from seeing me and hearing me by way of the WRAL cameras . . . . Furthermore I request please than any single woman my age who is mutually romantically interested in me, please be forbidden from watching me and hearing me by way of investigative cameras.

(Compl. at 5, 6.) Plaintiff also submits "Polygraph Questions" and requests that all defendants be asked the questions while "subjected to a polygraph" [Doc. #2-1].

This is the thirteenth complaint filed by Plaintiff based on the same or similar allegations. The previous actions were Hutton v. U.S. Dep't of Veterans Affairs, No. 1:12CV190 (M.D.N.C. May 22, 2013) (judgment entered dismissing without prejudice); No. 1:16CV1416 (M.D.N.C. Feb. 2, 2017) (judgment entered dismissing for failure to state a claim upon which relief may be granted); No. 1:17CV151 (M.D.N.C. April 21, 2017) (same); No. 1:17CV796 (M.D.N.C. October 19, 2017) (same); No. 1:18CV869 (M.D.N.C. January 16, 2020) (same); No. 1:19CV1140 (M.D.N.C. January 22, 2020) (same); No. 1:20CV240 (M.D.N.C. September 28, 2020) (same); No. 1:21CV388 (M.D.N.C. December 10, 2021) (judgment entered dismissing claims under § 1983 and the Universal Declaration of Human Rights against the Department of Veterans Affairs, Plaintiff's former landlords, and local news stations, for failure to state a claim upon which relief may be granted); No. 1:21CV583 (M.D.N.C. December 10, 2021) (same); No. 1:22CV392 (M.D.N.C. September 19, 2022) (same); No. 1:22CV896 (November 8, 2022) (same); No. 1:23CV414 (M.D.N.C. June 2, 2023).

As mentioned above, Plaintiff purports to bring his claim under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution

and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Here, Plaintiff Hutton has failed to plausibly allege a violation of any of his Constitutional rights or a right secured under federal law that was committed by a person acting under color of state law. His allegations are also speculative and conclusory as to any harm he has suffered. Additionally, to the extent Plaintiff attempts to bring his claim under the Universal Declaration of Human Rights ("UDHR"), the Court notes that the UDHR "is simply a statement of principles and not a treaty or international agreement that would impose legal obligations on the United States or its citizens." Nix v. NASA Fed. Credit Union, 200 F. Supp. 3d 578, 590 (D. Md. 2016) (citing Sosa v. Alvarez-Machain, 542 U.S. 692, 734 (2004)). As such, the UDHR does not provide a basis for Plaintiff to invoke this Court's jurisdiction.

Moreover, to the extent Plaintiff asserts claims against private individuals, including the former landlords and the landlords' business affiliates, those individuals and organizations are not subject to suit under 42 U.S.C. § 1983 for alleged constitutional violations because there is no basis to conclude that they were acting under color of state law.

> To state a claim under Section 1983, a plaintiff must show that the alleged constitutional deprivation at issue occurred because of action taken by the defendant under color of state law. The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. Section 1983's color-of-law prerequisite is synonymous with the more familiar state-action requirement applicable to Fourteenth Amendment claims, and the analysis for each is identical. Both inquiries demand that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State.

Davison v. Randall, 912 F.3d 666, 679 (4th Cir. 2019) (internal ellipsis and quotations omitted); see also Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its

5

reach merely private conduct, no matter how discriminatory or wrongful. The state action requirement reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments." (internal quotations omitted)).

In the previous actions, the Court had advised Plaintiff of various administrative avenues of relief that might be available to him. (See, e.g., No. 1:12CV190, recommendation entered on March 29, 2013.) Plaintiff gives no indication in his present Complaint that he has attempted any of these non-judicial avenues of relief. Instead, Plaintiff has simply restated the claims that were rejected in the earlier actions. Because Plaintiff has failed to state a valid claim for relief against any Defendant, this action should be dismissed. As noted in the prior cases, Plaintiff remains free to pursue his contentions directly with the Department of Veterans Affairs to the extent he seeks some type of administrative relief.

In addition to his Complaint, Plaintiff has filed a Motion to Seal [Doc. #3] requesting that the documents in the lawsuit be sealed. However, Plaintiff did not proffer any basis for sealing the documents in this case. Therefore, the Court cannot make the requisite findings required to support sealing the case. See Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178 (4th Cir. 1988) (setting out the standard for sealing documents protected by the common law right of access based on weighing of "competing interests," as well as the higher standard for sealing documents protected by the First Amendment based on a showing that the restriction is "narrowly tailored" and serves a compelling interest); Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 576 (4th Cir. 2004) (noting that on a motion to seal, the court "must determine the source of the right of access with respect to each document" and "must then weigh the appropriate competing interests under the following procedure: it must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it

6

decides to seal, it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing" (internal quotation omitted)). Here, Plaintiff failed to present any reasons to support the request for sealing. Further, as noted, Plaintiff has filed multiple previous lawsuits based on similar claims and documentation, which are all publicly available. In the circumstances, Plaintiff has not presented a sufficient basis to justify sealing the documents in this case, and Plaintiff's Motion to Seal will be denied.

Plaintiff has filed additional supplements to the Complaint [Doc. #5], which the Court has considered and which do not change the conclusions.

Plaintiff's request to proceed *in forma pauperis* shall be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that Plaintiff's Motion to Seal [Doc. #3] be DENIED, and this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief may be granted.

This, the 31st day of October, 2023.

    /s/ Joi Elizabeth Peake
United States Magistrate Judge